### No. 560

### ARDOLINO v. BAUMANN

Ohio Appeals.  6th District.  Lucas County.

No. 1525.  Decided March 23, 1925.

355.  DAMAGES: — Where according to terms of land contract, the amount paid in, is to be forfeited on failure to make payment, and there is controversy as to amount of one payment and amount already paid is nearly one-half of purchase price, held; not to be liquidated damages.

RICHARDS, J.

Domenico Ardolino purchased on land contract of A. V. Baumann a lot for $1693.30 by terms of which it was agreed that he pay $100 cash and $20 or more monthly with interest at 7%. Ardolino had made various payments but had not completed all of them required by terms of the contract and brought this action in the Lucas Common Pleas for a deed, offering to pay the amount remaining unpaid on the contract.

The contract contains a provision in substance that if Ardolino fails to make any of the payments pursuant to the agreement, the contract shall be forfeited and Baumann is to retain payments made as stipulated damages for the non-payment of the contract. The controversy in the case arises on the claim of Ardolino that he paid $501 on July 6, 1921, Baumann maintaining that only $50 was paid. One, Soncrant, testified that he on that occasion received only $50 and some one, other than himself, insterted the figure "1" on the endorsement so that it read $501. The Common Pleas rendered judgment in favor of Baumann and on appeal the Court of Appeals said:

The total amount paid on the contract by Ardolino is nearly one-half of the purchase price, $800, this court finding from the evidence that the disputed payment was $50. It would be unreasonable and disproportionate to the actual damage sustained to require a forfeiture of the amount paid, in view of the fact that a payment is disputed and Ardolino stands ready to pay the amount that the court finds due and unpaid.

Under Norpac Realty Co. v. Schackne, 107 O. S. 425, the amount already paid cannot be treated as liquidated damages. It would be unconscionable, where nearly one-half of the purchase price has been paid and where failure of balance due results from a controversy as to the amount of one of the payments, to require a forfeiture of all that had been paid.

Since Bauman offered to execute a deed if Ardolino would pay the balance actually due and interest thereon, the decree of the court is that within 10 days after entering the decree, Ardolino shall pay to the clerk of this court the amount remaining on the contract, interest thereon, and costs incurred in this case, and upon making such payments shall be entitled to a deed for the premises. In the event of failure to make payments in time limited, title to premises will be quieted in Bauman.

Attorneys:—A. C. Duer, George S. Moss and Talma R. Smith for Ardolino, Toledo; A. V. Baumann and F. O'Farrell, Fremont, for Baumann.